# CIRCUIT COURT OF THE CITY OF RICHMOND

Anthony Oliver

v.

Mary E. Langer

June 8, 1993

Case No. LU-1640

BY JUDGE T. J. MARKOW

The parties came before the court for argument on Demurrer, Special Plea of Sovereign Immunity, and Motion to Dismiss on April 20, 1993. The court heard the arguments of counsel, considered the submissions of the parties, and took the matter under advisement. The applicable factors to determine whether sovereign immunity applies were utilized by our Supreme Court in *James v. Jane*, 221 Va. 43 (1980), and *Gargiulo v. Ohar*, 239 Va. 209 (1990). Upon further comparison of the facts of those cases, and in accordance with the principles set forth therein, the court makes the following findings.

Defendant Langer, as an Assistant Public Defender, is an employee of the state who provides legal services to indigent criminal defendants. The Commonwealth has an important interest in providing such services and does so pursuant to the General Assembly's mandate of Virginia Code § 19.2–163.2, et seq., as well as various appellate decisions holding that an indigent's right to counsel in certain criminal prosecutions is constitutionally required as a precondition to prosecution. A public defender does establish an attorney-client relationship with the individuals he or she represents; however, the state's interest in that relationship is greater than its interest in the physician-patient relationship discussed in *James v. Jane*. This is so because of the constitutional right to counsel which the state seeks to protect by establishing and funding the public defender program.

Defendant is required to exercise discretion and judgment in her representation of clients. However, defendant has no authority to

choose her own clients or to refuse to represent a client assigned to her, absent a conflict of interest.

The Office of the Public Defender does not bill its clients. Thus, defendant is not compensated, directly or indirectly, by clients, but rather by the state.

Defendant follows standard intake and administrative procedures in the performance of her representation of clients. She is subject to supervision and evaluation by more senior members of the staff, who are also employees of the state. She is subject to removal by the Public Defender for mishandling a case.

In light of the above findings, the court holds that defendant is entitled to the protection of sovereign immunity. Therefore, it is hereby ordered that defendant's Special Plea of Sovereign Immunity is sustained, and plaintiff's Motion for Judgment is dismissed.